## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TERRY L. ANDERSON,

      **Plaintiff,**

      **v.**

                                         **Case No. 22-CV-01145-JAR-KGG**

TEXTRON AVIATION, INC.
d/b/a Cessna,

      **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Terry L. Anderson brought this action against Defendant Textron Aviation, Inc. d/b/a Cessna ("Textron Aviation"), alleging claims of discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"). This matter is before the Court on Defendant's Motion to Dismiss (Doc. 7). Defendant argues that Plaintiff has not satisfied the requirements of *Twombly/Iqbal* in setting forth his ADA discrimination and retaliation claims. Specifically, Defendant argues that Plaintiff has not sufficiently alleged that he is disabled within the meaning of the ADA or that he engaged in an activity protected by the ADA. Plaintiff argues that he has satisfied the pleading requirements for each claim. In the alternative, Plaintiff requests leave to amend his Complaint to cure any deficiencies (Doc. 10). The matter is fully briefed and the Court is prepared to rule. For the reasons stated below, the Court grants Defendant's motion with leave to amend.

## I.    Factual Background

Plaintiff Terry Anderson was employed by Defendant Textron Aviation from approximately August 1995 until his termination on April 9, 2021. Plaintiff worked in Defendant's paint department and satisfactorily met Defendant's job expectations. Plaintiff has

diabetes, which heightens his risks from COVID-19 exposure.  He has missed work due to

cellulitis in his legs from his condition.  On March 3, 2021, Plaintiff expressed concerns with

Defendant's Human Resources Department that Defendant did not comply with COVID-19

protocols by failing to promptly notify Plaintiff of a possible COVID-19 exposure.  Plaintiff's

wife, Twyla, participated in the meeting, where she expressed that Defendant "was not

complying with the law and perhaps they needed to retain legal counsel."[1]  On April 9, 2021,

Defendant terminated Plaintiff "in connection with a non-injury fall on March 17, 2021."[2]

## II.      Legal Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must

contain factual allegations that, assumed to be true, "raise a right to relief above the speculative

level"[3] and must include "enough facts to state a claim for relief that is plausible on its face."[4]

Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a

reasonable likelihood of mustering factual support for *these* claims."[5]  The plausibility standard

does not require a showing of probability that "a defendant has acted unlawfully," but requires

more than "a sheer possibility."[6]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of

the elements of a cause of action' will not suffice; a plaintiff must offer specific factual

allegations to support each claim."[7]  Finally, the court must accept the nonmoving party's factual

---

[1] Doc. 1 ¶ 10.

[2] *Id.* ¶ 11.

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

[4] *Id*. at 570.

[5] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[7] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[8]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[9]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[10]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[11]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

In *Khalik v. United Air Lines*,[13] the Tenth Circuit provided an extensive analysis of the pleading standard for employment discrimination and retaliation claims under *Twombly*.[14]  The court was careful to note that under *Twombly*, the plaintiff is not required to "set forth a prima facie case for each element" to successfully plead a claim of discrimination.[15]  Instead, he is only required to "set forth plausible claims."[16]  Nevertheless, "the elements of each alleged cause of

---

[8] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[9] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[10] *Id.* at 678–79.

[11] *Id*. at 679.

[12] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

[13] 671 F.3d 1188 (10th Cir. 2012).

[14] *Id.* at 1193–94.

[15] *Id.* at 1194.

[16] *Id.*

action help to determine whether [the plaintiff] has set forth a plausible claim."[17]  The *Khalik*

court provided a list of facts an employment discrimination plaintiff could reasonably be

expected to know and allege to satisfy the plausibility requirement of *Twombly*.[18]  Such facts

could include the inconsistencies given for the adverse employment decision, when the

complaint at issue was filed, the context of the employment decision, or any other reasons the

plaintiff believes discrimination or retaliation formed the basis of the decision.[19]

## III.   Discussion

### A.   ADA Discrimination

Defendant argues that Plaintiff has not "plausibly alleged that he is disabled within the

meaning of the [ADA]."[20]  The ADA prohibits employers from discriminating on the basis of

disability.[21]  The elements of a *prima facie* case of ADA discrimination are: (1) plaintiff is

disabled as defined by the ADA; (2) plaintiff is qualified, with or without reasonable

accommodation, to perform the essential functions of the job; and (3) plaintiff's employer

discriminated against him because of his disability.[22]

First, Defendant argues that Plaintiff "has not even made a conclusory allegation that his

diabetes or cellulitis substantially limits a major life activity."[23]  The ADA defines disability as

"(A) a physical or mental impairment that substantially limits one or more of the major life

---

[17] *Id.* at 1192.

[18] *Id.*

[19] *Id.*

[20] Doc. 12 at 1.

[21] 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.").

[22] *Aubrey v. Koppes*, 975 F.3d 995, 1005 (10th Cir. 2020).

[23] Doc. 12 at 5.

activities of such individual; (B) a record of such an impairment; or (C) being regarded as having

such an impairment."[24]  Major life activities include such functions as "caring for oneself,

performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending,

speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."[25]

A plaintiff is "not required to provide a precise description of the major life activity allegedly

affected by [the plaintiff's] disability"[26] at the pleading stage, but the plaintiff does need to make

more than a conclusory allegation that the condition substantially limited him in a major life

activity "as compared to most people in the general population."[27]  For example, in *Burger v.*

*Wolf Creek Nuclear Operating Corp.*, the plaintiff's allegation that "her disabling conditions

substantially impair her sleeping, concentration and wakefulness" depended upon mere labels or

conclusions to state a disability under the ADA.[28]  The court pointed out that additional facts,

which "should be in plaintiff's power to observe," were necessary to allege a plausible claim.[29]

      Here, Plaintiff's pleading closely resembles the insufficient pleading in *Burger.*  While

diabetes likely constitutes a recognized impairment under the ADA[30], Plaintiff relies on legal

conclusions to allege any substantial impairment on a major life activity.  Plaintiff alleges that

his cellulitis caused him to miss work, but he does not include facts suggesting that his ability to

work was substantially impaired as compared to the general public.  In fact, Plaintiff alleges that

his absences did not result in any meaningful discipline at work. If Plaintiff relies on an actual

---

[24] 42 U.S.C. § 12102(1).

[25] 42 U.S.C. § 12102(2)(A).

[26] *Allen v. SouthCrest Hosp.*, 455 F. App'x 827, 836 n.5 (10th Cir. 2011).

[27] *Castro v. Dot's Pretzels, LLC*, No. 20-2579-JWB, 2021 WL 3674739, at *6 (D. Kan. Aug. 19, 2021).

[28] *Burger v. Wolf Creek Nuclear Operating Corp.*, No. 11-4158-RDR, 2012 WL 3655295, at *3 (D. Kan. Aug. 27, 2012).

[29] *Id.*

[30] *See* 29 C.F.R. § 1630.2(h)(1).

disability to show that he is disabled under the ADA, his Complaint does not state a plausible claim.

Plaintiff also claims that Defendant regarded him as disabled under 42 US.C. § 12102(1)(C), which does not require a showing that the condition substantially impaired one or more major life activities.  Rather, "the employer need only regard the employee as being impaired, whether or not the employer also believed that the impairment prevented the employee from being able to perform a major life activity."[31]  Under this standard, an impairment cannot be "transitory or minor."[32]  A transitory impairment is an impairment that has an actual or expected duration of 6 months or less.[33]

Here, Plaintiff alleges that "his health issues were known by his supervisors at Textron,"[34] but he does not allege whether his supervisors knew about his diabetes or if they merely knew about the cellulitis in his legs.  If his employer only knew about the cellulitis in his legs, Plaintiff does not allege any facts that suggest whether the condition had an actual or expected duration of 6 months or less.  Additionally, Plaintiff alleges that his "underlying health conditions, including [his] diabetes" were discussed in his meeting with Human Resources.[35]  He does not, however, allege who fired him and whether or not they had knowledge of his condition.  As they stand, Plaintiff's allegations of a regarded-as disability do not raise a right to relief against Defendant above the speculative level.  Thus, Plaintiff's Complaint does not state a plausible claim that Plaintiff was disabled under the ADA.

---

[31] *Adair v. City of Muskogee*, 823 F.3d 1297, 1305–06 (10th Cir. 2016).

[32] *Id.*

[33] *Id.*

[34] Doc. 1 ¶ 7.

[35] *Id.*

### B.    ADA Retaliation

Defendant also argues that Plaintiff did not plead sufficient facts that, along with the reasonable inferences to be drawn from those facts, support a plausible claim that he participated in activity protected by the ADA.  The ADA provides "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter."[36]

> To establish a prima facie case of ADA retaliation, a plaintiff must prove that (1) he engaged in a protected activity; (2) he was subjected to an adverse employment action subsequent to or contemporaneous with the protected activity; and (3) there was a causal connection between the protected activity and the adverse employment action.[37]

"To establish a causal connection, [a plaintiff] must present evidence of circumstances that justify an inference of *retaliatory motive*."[38]  "The Supreme Court has likened this burden to a showing of 'but-for causation.'"[39]  "The evidence of but-for causation must be based on more than mere speculation, conjecture, or surmise."[40]

To allege protected activity or protected opposition under the ADA, the plaintiff must show that he conveyed to his employer his concern that the employer engaged in a practice made unlawful by the statute.[41]  Protected opposition to discrimination "can range from filing formal

---

[36] 42 U.S.C. § 12203(a).

[37] *Foster v. Mountain Coal Co.*, 830 F.3d 1178, 1186–87 (10th Cir. 2016) (citing *Anderson*, 181 F.3d at 1178).

[38] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1209 (10th Cir. 2018) (citing *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014)).

[39] *Id.* (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)).

[40] *Id.* (quoting *Nassar*, 570 U.S. at 360).

[41] *Cerda v. Cillessen & Sons, Inc.*, No. 19-1111-JWB, 2020 WL 416979, at *3 (D. Kan. Jan. 27, 2020).

charges to complaining informally to supervisors."[42]  A plaintiff need only show that when he

engaged in protected opposition, he had a reasonable good-faith belief that the opposed behavior

was discriminatory.[43]  Although no "magic words" are required, to qualify as protected

opposition the employee must convey to the employer his or her concern that the employer has

engaged in a practice made unlawful by the statute.[44]  Vague references to discrimination

without indicating that it was motivated by disability does not support a retaliation claim.[45]

Additionally, the mere discussion of an ADA-protected condition does not automatically convert

the conversation into protected activity under the ADA.[46]

The Complaint alleges that Plaintiff and his wife met with Human Resources to discuss

Plaintiff's concerns.  However, Plaintiff must also allege that he conveyed to his employer his

concern that the employer during this meeting engaged in a practice made unlawful by the

statute.  In order to succeed at trial, Plaintiff ultimately will need to show that his employer knew

he was engaging in protected opposition.  The allegations in the Complaint do not demonstrate

that Plaintiff held an objectively reasonable belief that a violation of the ADA had occurred, nor

do they suggest that Plaintiff told Defendant that its alleged failure to comply with its COVID-19

protocols violated the ADA.  Further, Plaintiff does not allege that his wife's comments involved

allegations of discrimination based on his disability.  Thus, Plaintiff's Complaint does not state a

plausible claim that he engaged in a protected activity under the ADA.

---

[42] *Medina v. Income Support Div., N.M.*, 413 F.3d 1131, 1135–36 (10th Cir. 2005).

[43] *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1015–16 (10th Cir. 2004).

[44] *Cerda*, 2020 WL 416979, at *3.

[45] *Anderson v. Acad. Sch. Dist. 20*, 122 F. App'x. 912, 916 (10th Cir. 2004).

[46] *Grear v. Miller & Newberg, Inc.*, No. 15-7458-JAR, 2016 WL 4095429, at *8 (D. Kan. Aug. 2, 2016).

**IV.     Conclusion**

Based on the findings discussed above, the Court grants Defendant's motion to dismiss Plaintiff's claims without prejudice.  Given the nature of the deficiencies, however, the Court grants Plaintiff's leave to file an amended complaint that clearly and specifically remedies the issues addressed in this Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's Motion to Dismiss (Doc.7) is **granted** with leave to amend.  If Plaintiff fails to file an Amended Complaint by Nov. 17, 2022, this case shall be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: October 27, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
