IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY L. ANDERSON,

    **Plaintiff,**

    v.

TEXTRON AVIATION, INC.
d/b/a Cessna,

    **Defendant.**

Case No. 22-CV-01145-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiff Terry L. Anderson brings this action against Defendant Textron Aviation, Inc. d/b/a Cessna ("Textron Aviation"), alleging claims of discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"). The Court previously dismissed both claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6), but granted Plaintiff leave to amend.[1] Thereafter, Plaintiff filed the First Amended Complaint.[2] This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 15), which seeks dismissal of the ADA retaliation claim only. Plaintiff opposes the motion and, in the alternative, suggests that the Court allow him to file a more definite statement. For the reasons explained in detail below, Defendant's motion to dismiss the retaliation claim is granted and Plaintiff's request to file a more definite statement is denied.

### I. Factual and Procedural Background

Plaintiff Terry Anderson filed his Original Complaint on June 30, 2022, alleging that he was employed by Defendant Textron Aviation in its paint department from approximately

---

[1] Doc. 13.

[2] Doc. 14.

August 1995 until his termination on April 9, 2021. Plaintiff has diabetes, which heightens his risks from COVID-19 exposure. On March 3, 2021, he expressed concerns to Defendant's Human Resources Department ("HR") that Defendant did not comply with COVID-19 protocols by failing to promptly notify Plaintiff of a possible COVID-19 exposure. Plaintiff's wife, Twyla, participated in the meeting, where she expressed that Defendant "was not complying with the law and perhaps they needed to retain legal counsel."[3] On April 9, 2021, Defendant terminated Plaintiff "in connection with a non-injury fall on March 17, 2021."[4]

In an October 27, 2022 Memorandum and Order, the Court granted Defendant's Motion to Dismiss Plaintiff's Complaint without prejudice, but granted Plaintiff leave to amend to cure the pleading deficiencies. On the retaliation claim, the Court found that Plaintiff failed to plausibly allege a required element of his ADA retaliation claims—that he engaged in protected activity under the ADA. Specifically, the Court explained that Plaintiff's complaint to HR about its failure to notify him of a possible COVID-19 exposure did not sufficiently demonstrate that he held an objectively reasonable belief that a violation of the ADA had occurred. The Court could not infer from this factual assertion that Plaintiff communicated to Defendant that its alleged failure to comply with COVID-19 protocols violated the ADA. Moreover, the Court concluded that Plaintiff's wife's statements to HR during the meeting did not communicate a complaint of discrimination based on his disability. Thus, the Court granted Defendant's motion but allowed Plaintiff leave to amend.[5]

Plaintiff's First Amended Complaint alleges the same facts regarding the retaliation claim, but adds the following two averments: (1) at the HR meeting, "Textron was made aware

---

[3] Doc. 1 ¶ 10.

[4] *Id.* ¶ 11.

[5] Doc. 13 at 8–9.

2

that they were potentially violating the law by failing to alert [Plaintiff] to the possible [COVID-19] exposure";[6] and (2) "the reason [Plaintiff] was terminated is because he complained to Human Resources about the possible [COVID-19] exposure and how his underlying conditions of diabetes and cellulitis made that potential exposure much more dangerous for Terry and may have affected his disability."[7]  Defendant again moves to dismiss the retaliation claim, alleging that these additional facts fail to state a plausible claim for retaliation under the ADA because they do not constitute protected activities.  Plaintiff responds, arguing that he has alleged sufficient facts to support the protected activity element of the claim, and that if the Court does not find these facts to be sufficient, dismissal is not appropriate.  Instead, Plaintiff maintains that he should be allowed another chance to amend.

## II.     Legal Standard

As the Court explained in its October 27 Order, to survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[8] and must include "enough facts to state a claim for relief that is plausible on its face."[9]  Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[10]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[11]  "[M]ere 'labels

---

[6] Doc. 14 ¶ 10.

[7] *Id.* ¶ 11.

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

[9] *Id*. at 570.

[10] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[12] Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[13]

**II.     Discussion**

Defendant argues that Plaintiff failed to cure the deficiencies in his Original Complaint and that "[n]o amount of additional detail regarding this complaint will be sufficient to state a claim under the ADA."[14] The Court agrees. The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter."[15]

> To establish a prima facie case of ADA retaliation, a plaintiff must prove that (1) he "engaged in a protected activity"; (2) he was "subjected to [an] adverse employment action subsequent to or contemporaneous with the protected activity"; and (3) there was "a causal connection between the protected activity and the adverse employment action."[16]

Protected opposition to discrimination "can range from filing formal charges to complaining informally to supervisors."[17] A plaintiff need only show that when he engaged in protected opposition, he had a reasonable, good-faith belief that the opposed behavior was

---

[12] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[13] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[14] Doc. 20 at 1.

[15] 42 U.S.C. § 12203(a).

[16] *Foster v. Mountain Coal Co.*, 830 F.3d 1178, 1186–87 (10th Cir. 2016) (alteration in original) (quoting *Anderson v. Coors Brewing Co*., 181 F.3d 1171, 1178 (10th Cir. 1999)).

[17] *Medina v. Income Support Div., N.M.*, 413 F.3d 1131, 1135–36 (10th Cir. 2005) (citing *Hertz v. Luzenac Am., Inc*., 370 F.3d 1014, 1015 (10th Cir. 2004)).

discriminatory.[18]  "Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by the [statute]."[19]  Vague references to discrimination without indicating that it was motivated by disability does not support a retaliation claim.[20]  Additionally, the mere discussion of an ADA-protected condition does not automatically convert the conversation into protected activity under the ADA.[21]

For example, in *Petersen*, the Tenth Circuit determined "whether the absence of a reference to unlawful discrimination precludes [the plaintiff's] retaliation claim"[22] under Title VII.  The court held that it can.[23]  In that case, the plaintiff never mentioned race or religion when she complained about her supervisor's treatment.[24]  The Tenth Circuit explained that "it is crucial . . . whether Petersen's superiors knew that she was engaging in protected opposition," because the defendant's conduct would only be unlawful retaliation "if the superior retaliating against her knew that her opposition . . . was motivated by a belief that he was engaging in racial or religious discrimination."[25]

Judges in the District of Kansas have applied this reasoning in the ADA context.[26]  For example, in *Conrad*, the plaintiff's employer required her to complete a "fitness for duty

---

[18] *Hertz*, 370 F.3d at 1015–16.

[19] *Cerda v. Cillessen & Sons, Inc.*, 19-1111-JWB, 2020 WL 416979, at *3 (D. Kan. Jan. 27, 2020) (alteration in original) (quoting *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008)) (citations omitted).

[20] *See Anderson v. Acad. Sch. Dist. 20*, 122 F. App'x 912, 916 (10th Cir. 2004).

[21] *Grear v. Miller & Newberg, Inc.*, No. 15-7458-JAR, 2016 WL 4095429, at *8  (D. Kan. Aug. 2, 2016).

[22] *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2022).

[23] *Id.*

[24] *Id.* at 1186.

[25] *Id.* at 1188–89.

[26] *See Cerda*, 2020 WL 416979, at *3; *Grear*, 2016 WL 4095429, at *8; *Conrad v. Bd. of Johnson Cnty. Comm'rs*, 237 F. Supp. 2d 1204, 1244 (D. Kan. 2002).

evaluation" because they were concerned about her behavior.[27]  The plaintiff met with her supervisors, expressing "that it was discriminatory for them to accuse her of erratic behavior and to ignore the same type of behavior in others."[28]  The court granted summary judgment to the defendants because the plaintiff merely complained of "unfair, "unlawful," and "discriminatory" behavior.[29]  Notably, the court reasoned: "At no time, however, did [p]laintiff ever complain that her rights under the ADA were being violated nor did she ever use the term 'disability discrimination,' 'ADA,' or 'Americans with Disabilities Act.'"[30]

Here, despite being provided with an opportunity to plead additional facts, Plaintiff still fails to allege that he engaged in a protected activity.  Plaintiff added the allegation that "Textron was made aware that they were potentially violating the law by failing to alert Terry to the possible Covid-19 exposure."[31]  But this conclusory allegation merely restates the ADA's requirement that Plaintiff engaged in a protected activity.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[32]

Plaintiff does not allege specific facts demonstrating that Plaintiff or his wife made Textron aware that its failure to alert Plaintiff of a possible COIVD-19 exposure violated the ADA.  Like the plaintiff in *Conrad*, Plaintiff complained generally of "unlawful" behavior, without ever mentioning the ADA or disability discrimination to his supervisor.  But Plaintiff's mere discussion of his diabetes with HR, even when combined with his general complaint of

---

[27] *Conrad*, 237 F. Supp. 2d at 1243–44.

[28] *Id.*

[29] *Id.* at 1244.

[30] *Id.*

[31] Doc. 14 ¶ 10.

[32] *Id*. (quoting *Twombly*, 550 U.S. at 555).

6

unlawfulness, does not amount to conduct sufficient to inform his employer that he was alleging disability discrimination in violation of the ADA.

Plaintiff also adds the allegation that he was terminated because he complained to HR about a possible COVID-19 exposure, which could be particularly dangerous for him given his underlying conditions of diabetes and cellulitis. But this statement is also a legal conclusion, which is not entitled to an assumption of truth.[33] Moreover, even if he was terminated for complaining that he was not properly notified of a possible COVID-19 exposure, as stated above, this does not support the protected activity element of his claim. Assuming as true that Plaintiff made this complaint and that he was terminated as a result, there are no facts to support that he complained of disability discrimination. Merely referencing his underlying conditions and complaining generally of unlawful conduct does not suffice.

In sum, the two additional facts alleged in Plaintiff's First Amended Complaint are not entitled to a presumption of truth because they are legal conclusions couched as factual allegations. And, even if the Court finds that they are entitled to an assumption of truth, they do not establish that Plaintiff engaged in protected activity because there are no facts demonstrating that Plaintiff and/or his wife had a reasonable, good-faith belief that Defendant's failure to alert them to a possible COVID-19 exposure was discriminatory under the ADA.[34] Accordingly, Plaintiff's retaliation claim, as amended, must be dismissed.

## III. Motion for a More Definite Statement

---

[33] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192–94 (10th Cir. 2012) (explaining that although an employment discrimination plaintiff is not required to "set forth a prima facie case for each element" to successfully plead a claim, "the elements of each alleged cause of action help to determine whether [the plaintiff] has set forth a plausible claim.").

[34] *See Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1015–16 (10th Cir. 2004).

Plaintiff argues that if the Court finds that the First Amended Complaint does not state a plausible claim of ADA retaliation, then the proper remedy is to allow him to "file a Complaint with more specific allegations rather than dismiss the case, especially when, as here, the Complaint has only been amended once."[35] He suggests that Defendant could have moved for a more definite statement under Rule 12(e). However, Defendant did not move for a more definite statement under Rule 12(e), so this is not an appropriate remedy. Moreover, Plaintiff could have but chose not to move under Rule 15(a) for leave to amend this claim. A motion under this rule would have allowed the Court to consider whether a proposed amended pleading sufficiently addressed the deficiencies cited by the motion to dismiss. The Court notes that on February 22, 2023, well after this motion to dismiss went under advisement, Plaintiff filed a motion for leave to amend.[36] But his proposed amendment does not address, add to, modify, or amend the averments relevant to the ADA retaliation claim; the only proposed additions are to add a new claim for Occupational Safety and Health Administration retaliation under 29 U.S.C. § 660(c).[37]

To the extent Plaintiff's response to the motion to dismiss requests leave to amend the ADA retaliation claim, his motion is denied for failure to follow Rule 15(a) and D. Kan. Rule 15.1(a),[38] and for failure to discuss or apply the factors this Court would be required to consider on a motion for leave to amend, including futility of amendment.[39] Moreover, Plaintiff has not

---

[35] Doc. 18 at 6.

[36] Doc. 27.

[37] The Court does not rule on this pending motion for leave to amend at this time since it is unrelated to the pending motion to dismiss.

[38] D. Kan. Rule 15.1(a) requires, *inter alia*, that the moving party attach a proposed pleading to the motion, as well as "a redlined version of the proposed amendment that shows all proposed changes to the pleading."

[39] *See Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989) ("Factors relevant in deciding a motion for leave to amend include: 'whether the amendment will result in undue prejudice, whether the request was unduly and inextricably delayed, was offered in good faith, or that the party had had sufficient opportunity to state a claim and failed.'" (quoting *State Distributors, Inc. v. Glenmore Distilleries*, 738 F.2d 405, 416 (10th Cir. 1984))).

demonstrated that further facts or detail will cure the deficiencies in the ADA retaliation claim alleged in his First Amended Complaint.  The Court previously granted Plaintiff leave to amend to provide additional factual allegations on the ADA retaliation claim necessary to survive a motion to dismiss on the exact same grounds.  The First Amended Complaint still fails to include additional detail that could support a plausible claim of retaliation under the ADA.  Notably, the protected activity element is not an element that is dependent on discovery that resides with Defendant; it requires Plaintiff to recite facts within his own personal knowledge.[40]  Plaintiff has neither submitted a proposed pleading for the Court's review with additional facts to support the ADA retaliation claim, nor included any suggestion of additional facts that an amended pleading would include to cure the deficiencies in pleading this claim.  Accordingly, the Court denies his request for leave to amend.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's Motion to Dismiss (Doc. 15) is **granted**.  Plaintiff's ADA retaliation claim (Count II) is hereby dismissed.

**IT IS SO ORDERED.**

Dated: February 23, 2023

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               UNITED STATES DISTRICT JUDGE

---

[40] *See Khalik*, 671 F.3d at 1192 (discussing the types of facts that an employment discrimination plaintiff could reasonably be expected to know and allege to satisfy the plausibility requirement).