IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY L. ANDERSON )
 )
        Plaintiff, )
 )
v. ) Case No.: 6:22-cv-01145-JAR-KGG
 )
TEXTRON AVIATION, INC., )
d/b/a Cessna, )
 )
        Defendant. )
 )

**MEMORANDUM & ORDER DENYING**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Now before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 27). After review of the parties' submissions, the Court **DENIES** Plaintiff's motion.

**BACKGROUND**

**I.    Nature of the Case.**

Plaintiff Terry L. Anderson brings this action against Defendant Textron Aviation, Inc., d/b/a Cessna (hereinafter "Textron") asserting claims of retaliation and discrimination under the American with Disabilities Act ("ADA"). (Doc. 14). The District Court previously dismissed both of Plaintiff's claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 13). In the Court's Order, Plaintiff was granted leave to file an amended complaint to remedy the deficiencies in the original complaint. Plaintiff filed his First Amended Complaint, and the District Court subsequently dismissed his ADA retaliation claim. (Doc. 28). Plaintiff now brings this motion seeking to add a cause of action for Occupational Safety and Health Administration ("OSHA") relation under 28 U.S.C. § 660(c).

**II.     Motion at Issue.**

Plaintiff seeks to add a cause of action under OSHA, alleging that he was terminated due to reporting a slip and fall to OSHA and Textron. (Doc. 27, at 1). Plaintiff maintains that Defendant will not be prejudiced by the proposed amendment because it was "timely filed with the OSHA and it arises from the same nexus of facts as Terry's existing claims." (*Id.*, at 3.)

Defendant argues that Plaintiff's proposed amendment is futile because there is no private right of action under Section 11(c). *See also* 29 U.S.C. § 660(c). Section 11(c) of the Occupational Safety and Health Act ("OSH") "prohibits retaliatory discharge of or discrimination against employees who report OSHA violations . . . ." (Doc. 33, at 4). Defendant cites a portion of the OSH statute: "[n]o person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." (*Id.*, at 2-3) (citing 29 U.S.C. § 660 (c)(1)).

## ANALYSIS

**I.     Standard of Review**

Motions to amend pleadings are governed by Fed. R. Civ. P. 15(a), which provides, in pertinent part, that "[a] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)(B). Absent any finding of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given. *See* **Foman v. Davis**, 371, U.S. 178, 182 (1962); *see also* **Frank v. U.S. West, Inc.**, 3 F.3d 1357, 1362 (10th Cir. 1993) (quoting **Castleglen, Inc. v. Resolution Trust Corp.**, 984 F.2d 1571, 1585 (10th Cir. 1993)). A court is justified in denying a motion to amend as futile if the

proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. **Ketchum v. Cruz**, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990).

## II.     OSHA Retaliation Claim.

Plaintiff seeks to amend his complaint to add a cause of action under OSHA, alleging that "[t]he acts of Textron constitute retaliation." (Doc. 27, at 4). He alleges that Textron used his report of a slip and fall incident as the basis for his termination. (*Id.*, at 1).

Defendant argues that allowing Plaintiff to amend his complaint would be futile because there is no private right of action for a retaliatory discharge under Section 11(c). (Doc. 33, at 4). Defendant contends that "[s]ection 11(c) of the OSH Act prohibits retaliatory discharge of or discrimination against employee who report OSHA violations, and charges the Secretary of Labor to investigate and prosecute meritorious claims of retaliation." (*Id.*) (citing **Taylor v. Brighton Corp.**, 616 F.2d 256, 257 (6th Cir. 1980)). Defendant asserts that "[e]very other federal circuit court of appeals that has analyzed this issue similarly determined that there is no private right of action written into the OSH Act. (*Id.*) (citing **Carson v. Willow Valley Communities**, 789 Fed. Appx. 310 (3d Cir. 2019) (unpublished); **George v. Aztec Rental Ctr. Inc.**, 763 F.2d 184 (5th Cir. 1985).

The Tenth Circuit has not addressed whether a private cause of action under Section 11(c) is implied by 29 U.S.C. § 660, but other circuits have addressed the issue. The Fifth and Sixth Circuit uniformly recognize that there is no private right of action implied by statute as the result of a private employer's retaliatory discharge of an employee. *See* **George**, 763 F.2d at 186 (holding that "there is no private cause of action under federal law for a private employer's retaliatory discharge of an employee contrary to section 11(c)(1).") (citation omitted). *See also*

*Donovan v. Square D Co.*, 709 F.2d 335, 338-39 (5th Cir. 1983) (holding that a private cause of action does not exist under Section 11(c)).

In *Taylor v. Brighton Corp.*, 616 F.2d 256 (6th Cir. 1980), the Sixth Circuit more squarely addressed whether the OSH Act creates an implied private right of action. In that case, the appellants were former employees of Brighton Corporation and alleged that they were discharged in retaliation for reporting safety violations to OSHA. *Id.* at 257. The district court held that OSHA does not create a private right of action and the Sixth Circuit affirmed. *Id.* at 258. According to *Taylor*, "Congress nowhere mentioned private suits to enforce s 11(c). . . . The legislative history of s 11(c) suggests that Congress intended suits by the Secretary of Labor to be the exclusive means of redressing violations." *Id.* at 259.

The Court agrees with the Fifth and Sixth Circuit that Section 11(c) does not expressly grant a private cause of action. The Court further agrees that a private cause of action is not implied by 29 U.S.C. § 660(c). As such, Plaintiff's proposed amendment is futile. *See* **Collins v. Wal-Mart, Inc.**, 245 F.R.D. 503, 507 (D. Kan. 2007) (holding that "[a] court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted."). For the reasons set forth above, Plaintiff's Motion to Amend is **DENIED.**

IT IS SO ORDERED THAT Plaintiff's Motion to Amend Complaint (Doc. 27) is **DENIED.**

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 10th day of April 2023.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

4